[Cite as *State v. Sneed*, 2011-Ohio-268.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DEMETRIUS SNEED | : | Case No. 10-CA-00058 |
| | : | |
| Defendant-Appellant | : | |
| | | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Licking County Court of
Common Pleas, Case No. 10 CR 044



JUDGMENT:  Affirmed



DATE OF JUDGMENT ENTRY:  January 21, 2011



APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

BRIAN WALTZ                                  JUSTIN T. RADIC
Assistant Prosecutor                          57 East Main Street
20 S. 2nd Street                                 Newark, OH 43055
Newark, OH 43055

*Farmer, J.*

{¶1} Appellant was indicted on two counts of Aggravated Robbery, felonies of the first degree, in violation of R.C. 2911.01(A)(1), two counts of Robbery, felonies of the second degree, in violation of R.C. 2911.02(A)(2), and a firearm specification in violation of R.C. 2929.14(D) and 2941.145.

{¶2} Appellant was charged with committing offenses on two different days. The first offense occurred on November 19, 2009 wherein Appellant and a co-defendant requested a cab be dispatched to the area of Allen Street in Newark, Licking County, Ohio. When the cab arrived, the driver was robbed at knifepoint.

{¶3} On January 11, 2010, Appellant and a co-defendant ordered a pizza from Incredible Pizza. The pizza was scheduled to be delivered to an address on Reddington Court in Newark, Licking County, Ohio. When the driver attempted to deliver the pizza to the requested address, he could not locate the specific address. While the driver was checking to see if he had the correct information, he was attacked, his money was stolen, and his car was stolen. The pizza delivery car was located with a gun in the car. The phone number used to call Incredible Pizza was traced to an address where Appellant was found. Appellant admitted to police his involvement in both offenses.

{¶4} Appellant entered no contest pleas to all of the charges contained in the indictment. Each count of robbery was merged with a count of aggravated robbery. Appellant received a four-year sentence for each offense in addition to a three-year gun specification for a total sentence of eleven years in prison.

{¶5}    Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth three proposed Assignments of Error.    Appellant did not file a pro se brief alleging any additional Assignments of Error.

I.

{¶6}    "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE PRISON SENTENCES UPON APPELLANT."

II.

{¶7}    "THE APPELLANT'S NO CONTEST PLEAS WERE NOT FREELY, VOLUNTARILY AND UNDERSTANDIBLE ENTERED."

III.

{¶8}    "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

{¶9}    In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id.  Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id.  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines

that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶10} Counsel in this matter has followed the procedure in *Anders v. California (1967), 386 U.S. 738*, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw. For the reasons which follow, we affirm Appellant's conviction:

I.

{¶11} In his first assignment of error, Appellant argues the trial court erred in imposing consecutive sentences.

{¶12} In *State v. Foster*, the Ohio Supreme Court held, trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100.

{¶13} The Ohio Supreme Court recently reaffirmed its hold in *Foster, "*We hold that the decision of the United States Supreme Court in *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*. Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *State v. Hodge*, 2010 WL 5392914 .

{¶14} Because the sentences in this case are within the range provided by R.C. 2929.14, the trial court did not abuse its discretion in imposing consecutive sentences. For this reason, Appellant's first assignment of error is overruled.

II.

{¶15} In his second assignment of error, Appellant maintains his no contest pleas were not freely, voluntarily, and intelligently made.

{¶16} Criminal Rule 11 governs the process of entering a plea. Criminal Rule 11(C) provides:

{¶17} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶18} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶19} In accepting a no contest plea, a trial court must substantially comply with Crim.R. 11. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. Substantial compliance with Crim.R. 11(C) is determined upon a review of the totality of the circumstances. *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 396 N.E.2d 757.

{¶20} We have reviewed the exchange between the trial court and Appellant which was made under oath. Appellant testified he was a high school graduate who had no difficulties in reading, writing, or understanding the English language. He further testified he received and read his indictment, and he had discussed it with his attorney.

Appellant completed a form outlining all of his constitutional rights and was orally advised of those rights by the trial court. During the colloquy, the trial court advised Appellant of the maximum penalties involved including the imposition of post release control. Appellant advised the Court his pleas were entered freely and voluntarily. There is no evidence in the record to support Appellant's contention that his pleas were not entered knowingly, intelligently, and voluntarily. For this reason, Appellant's second assignment of error is overruled.

### III.

{¶21} Appellant argues in his final assignment of error that he was denied effective assistance of counsel based upon counsel's failure to file a motion to suppress as well as counsel's failure to cause the discovery provided by the State to be made part of the record available for appellate review.

{¶22} We have reviewed the record in this case which contains numerous letters which purport to be from the Appellant wherein he repeatedly confesses to the crimes with which he has been charged.

{¶23} The standard for reviewing claims for ineffective assistance of counsel was set forth in *Strickland v. Washington (1984),* 466 U.S. 668. We must follow a two-prong analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 142. Because of the difficulties

inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. *Id.*

{¶24} The second prong requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the proceeding would have been different. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. *State v. Carter (1995),* 72 Ohio St.3d 545, 558, citing *Lockhart v. Fretwell (1993),* 506 U.S. 364. It is based on this standard that we review the two arguments appellant raises in support of this assignment of error.

{¶25} Based upon the record before us, there is no evidence a motion to suppress would have been successful even if it had been filed. Further, even had the motion been successful, the record contains numerous letters of confession which appear to have been written by Appellant which demonstrates Appellant would not have been prejudiced by the failure to file a motion to suppress.

{¶26} Finally, Appellant suggests he was denied effective assistance of counsel because the discovery provided by the State was not made part of the record in this case for our review. This argument is completely speculative. There is no evidence before this Court that our inability to review the discovery has prejudiced the Appellant in any way. For these reasons, Appellant's third assignment of error is overruled.

{¶27} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base

an appeal.   Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Licking County Court of Common Pleas.  Costs to Appellant.


_s/ Sheila G. Farmer_ ____ _____


_s/ William B. Hoffman_____


_s/ John W. Wise_ _____

JUDGES


SGF/as 111

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DEMETRIUS SNEED | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-00058 |

For the reasons stated in our accompanying Memorandum-Opinion, counsel's motion to withdraw is granted, and the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.  Costs to appellant.

_s/ Sheila G. Farmer ____ _____

_s/ William B. Hoffman_____

_s/ John W. Wise _____

JUDGES